UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYMOND MYNHEIR, etc.,

    Plaintiff,

v.                                        Case No. 3:06-cv-681-J-HTS

MICHAEL J. ASTRUE,
Commissioner of
Social Security,[1]

    Defendant.
_____

**OPINION AND ORDER**[2]

**I.  Status**

Raymond F. Mynhier[3] is appealing the Social Security Administration's denial of his claim for Disability Insurance Benefits (DIB).  While serving in the military in Vietnam, he was wounded.  As a result he now suffers blackouts, dizziness, and pain

---

      [1]    Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue, Commissioner of Social Security, is substituted as Defendant herein.

      [2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #9).

      [3]    Although the Complaint (Doc. #1) designates Plaintiff as Raymond Mynheir, the Application for Disability Insurance Benefits (Application) identifies him as Raymond Mynhier.  Transcript of Administrative Proceedings at 43.  Throughout the record, see, e.g., id. at 55, 151, his last name is reflected as in the Application and thus the Court will utilize this latter spelling in referring to Plaintiff.

and numbness in the arm, hand, and leg. Transcript of Administrative Proceedings (Tr.) at 56. He was found not disabled by Administrative Law Judge (ALJ) John D. Thompson, Jr., in a Decision entered on January 24, 2006. Tr. at 12, 21, 22 (Finding 13). Administrative remedies have been exhausted and the case is properly before the Court.[4]

Plaintiff raises three issues. He first argues "the administrative law judge incorrectly applied the grid rule[.]" Memorandum in Support of Complaint (Doc. #11; Memorandum) at 5 (emphasis and capitalization omitted). Additionally, he contends the "judge erred by not fully, fairly and adequately evaluating all the medical evidence in th[e] record." *Id.* at 8 (emphasis and capitalization omitted). Finally, Mr. Mynhier asserts "the [ALJ] failed to fully and fairly assess the evidence in th[e] file due to the pas[s]age of time between the date of the hearing and the date of the Decision[.]" *Id.* at 9 (emphasis and capitalization omitted).

---

[4] Plaintiff filed an application for DIB on January 22, 2003, claiming a disability onset date of December 15, 2001. *Id.* at 43. He was insured through December 2002. *Id.* at 48; *see also id.* at 12.

## **II.  Legal Standard**

This Court reviews the Commissioner's final decision as to disability[5] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if . . . supported by 'substantial evidence[.]'" *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).  Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Despite the existence of support in the record, the ALJ's determination may not be insulated from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached.  *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

---

[5] "Disability" is defined in the Social Security Act as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A).  An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy.  *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

### III. Discussion

#### A. Grids

Claimant argues he "is restricted to at best sedentary work because the Judge held that [he] was unable to perform a full range of light duty work based on his inability to stand on a frequent basis and [should have been found] 'disabled' pursuant to the Grid Rules." Memorandum at 7-8.

After residual functional capacity (RFC) has been assessed, the ALJ proceeds to determine what, if any, work can be done and whether a disability is suffered. When conducting this analysis, in appropriate circumstances, "'the grids may be used in lieu of vocational testimony.'" *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (quoting *Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir. 1992)). Exclusive reliance on the grids is inappropriate, though, when the claimant cannot perform a full range of work at a given exertional level or "when claimant has a non-exertional impairment that significantly limits basic work skills." *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995) (per curiam) (internal quotation marks omitted); *see Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). "The grids may be used only when each variable on the appropriate grid accurately describes the claimant's situation." *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987) (per curiam).

In this case, the ALJ found Claimant

> retained the residual functional capacity to: lift/carry 20 pounds occasionally (1/3 of the workday) and 10 pounds or less more frequently; stand/walk for 4 hours in an 8 hour day and sit for 4 hours in an 8 hour day with a need to alternate positions every 30-60 minutes secondary to recurrent lower left extremity cellulitis; push/pull was unlimited; he could occasionally bend, stoop and kneel; he should never balance and climb; he had occasional use of left upper extremity for gross manipulation, lifting, carrying and pulling; no exposure to ladders, ropes, scaffolds, dust, fumes, gases, poor ventilation, hazards (machinery, heights, etc.).

Tr. at 17-18; *cf. id.* at 21 (Finding 6), 699-700. The judge then explained "[i]f the claimant were capable of performing the full range of light work, a finding of 'not disabled' would be directed by the Medical-Vocational Guidelines [(grids)]. The claimant's ability to perform all or substantially all of the requirements of light work is impeded by additional exertional and/or non-exertional limitations." *Id.* at 20; *see also id.* at 22 (Finding 12) ("[C]laimant's limitations did not allow him to perform the full range of light work[.]"). Thus, the ALJ's finding that Plaintiff cannot perform the full range of light work is consistent with his decision not to rely exclusively on the grids.

Instead, the ALJ appropriately elicited testimony from a vocational expert (VE). *See Phillips*, 357 F.3d at 1242 ("If the ALJ concludes [a claimant] cannot perform a full range or unlimited types of work at [a particular] level given her exertional limitations, then the ALJ must consult a vocational expert to

determine whether there are sufficient jobs . . . within the national economy [the claimant] can perform."); *Dixon v. Apfel*, No. Civ.A. 99-0726AHS, 2000 WL 1844689, at *8 (S.D. Ala. Nov. 8, 2000) ("In th[e Eleventh] Circuit, the preferred method of demonstrating job availability where a plaintiff is unable to perform a full range of work at a given functional level or when a claimant has both exertional and nonexertional limitations is through the testimony of a vocational expert.").  In propounding the hypothetical to the VE, the ALJ specifically included the limitations that Claimant "would have had an ability in the course of an eight-hour day to stand and walk for a total of four hours during the day and sit for a total of four hours, and [he] should be allowed to alternate [his] position every 30 to 60 minutes[.]" Tr. at 699.  The judge then asked for a representative example of jobs available to a person having the described limitations. *Id.* at 700.  The VE responded with five jobs at the light level of exertion and three jobs at the sedentary level. *See id.* at 700-01. After obtaining testimony from the VE that there were jobs in the national economy at the light and sedentary exertional levels Claimant could perform, the ALJ then utilized the grids as a framework for concluding Mr. Mynhier was not disabled. *See id.* at 20.

Despite the testimony of the VE that there exist jobs at the light exertional level capable of accommodating Plaintiff's limitations, including that on standing, Plaintiff argues his RFC should have been characterized as sedentary. *See* Memorandum at 5-8.  However, he does not challenge that the hypothetical posed to the VE accurately captured his limitations. Plaintiff's suggestion that one who is incapable of performing a full range of light work is necessarily limited to sedentary work is simply without merit and insufficient to establish any error by the ALJ. *See, e.g., Santiago v. Barnhart*, 367 F. Supp. 2d 728, 733 (E.D. Pa. 2005) ("There is nothing oxymoronic in finding that a plaintiff can perform a *limited* range of light work.  Such a finding is appropriate where . . . the evidence shows that the plaintiff can perform some, though not all, of the exertional requirements of a particular range."); SSR 83-12 ("In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, . . . [VE] assistance is advisable[.]"); *Barstad v. Chater*, 76 F.3d 384, No. 94-35987, 1996 WL 29255, at *1 (9th Cir. Jan. 25, 1996) (Table decision) ("[SSR 83-12] does not suggest that if a claimant is unable to perform a full range of light work he or she must necessarily be deemed able to perform only sedentary work[.]").

**B. Evidence Not Discussed**

Mr. Mynhier additionally asserts the ALJ failed to fully discuss the opinion of Dr. Carlos Oteyza, who "limited [Plaintiff] to occasional fine and gross manipulation of both the right and left upper extremities." Memorandum at 8 (emphasis omitted). Instead, "Judge Thompson limits only the plaintiff's left arm to occasional use[.]" *Id.*

"Although an ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . ." *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Rather, the judge "must explain why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (citation and internal quotation marks omitted).

In this case, the ALJ specifically mentioned Dr. Oteyza's conclusion that Claimant "was restricted to only occasional manipulative activities due to a brain defect on the right side[.]" Tr. at 17. In making the RFC determination, the ALJ recognized he was not fully adopting the limitations imposed by Dr. Oteyza, but was considering "the findings offered by Drs. Anderson, Hudgins and Boggs." *Id.* at 18. These medical opinions and others support the finding that Plaintiff was not restricted in the use of his right upper extremity. *See, e.g., id.* at 110 ("Strength in the upper . . . extremities is full [with] normal sensation and symmetric

- 8 -

reflexes."), 183 (reporting "some suggestive sensory loss over the left part of the body [and] mild impairment of dexterity in the left extremities"), 278 ("He does have residual numbness at the tip of the left index finger but no other objective finding is present, a recent neurological evaluation has certified as to this."), 281 ("Motor tone and strength in the left extremities seem satisfactory."); *see also id.* at 683 (Plaintiff testifying that difficulties are mostly with his left hand); *cf., e.g., id.* at 114 ("Strength in the upper . . . extremities was full with symmetric reflexes. He had subjective numbness of the tip of the left index finger and the left 5th digit."), 308 (finding "residuals [and] paresthesia [in the] left hand) (capitalization omitted), 310 (same).

The ALJ included the limitation of occasional use of the upper left extremity in the "ability to do fine and dexterous type activities[,]" *id.* at 699, in the hypothetical posed to the VE, who testified that compatible jobs were available in the national economy.  *Id.* at 700-01.  Plaintiff's argument, however, is predicated upon the right arm being similarly restricted.  Because right arm restrictions were rejected by the ALJ insofar as he did not fully adopt the opinions of Dr. Oteyza, and substantial evidence supports the lack of such a restriction, any contention

that Claimant should be limited to jobs based on a right arm impairment is without merit.[6]

### C. Delay in Issuing Decision

Plaintiff's final argument is that an excessive amount of time--over fifteen months--elapsed between the hearing and the issuance of the Decision.[7] Memorandum at 9-10. He contends that, "[w]hile a protracted length of time between the hearing and the decision is not by itself grounds for reversal, in this case the length of time made it impossible for the [ALJ] to fully and fairly assess [his] credibility[.]" *Id.* at 10.

Claimant cites to one case, *Lovellette v. Barnhart*, CAUSE NO. 1:02-CV-278, 2003 U.S. Dist. LEXIS 17601 (N.D. Ind. June 25, 2003), in support of his position that a delay of this nature constitutes grounds for remand. Memorandum at 10. The court in *Lovellette*, in finding a fifteen-month delay in issuing a decision excessive, emphasized the ALJ was dealing with a relatively small record, containing only "one and a half years' worth of medical records[,]" and had a history of "lag between the hearing and his decision."

---

[6]   Even if the record may be interpreted to contain reference to the existence of a right arm restriction, substantial evidence supports a finding otherwise.  It is not for this Court to reweigh the evidence.  *See MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) ("[I]f [it is found] that the evidence preponderates against the Secretary's decision, [it] must [be] affirm[ed] if the decision is supported by substantial evidence.").

[7]   The administrative hearing took place on November 9, 2004, *id.* at 651, and the Decision issued on January 24, 2006.  *Id.* at 22.

*Lovellette*, 2003 U.S. Dist. LEXIS 17601, at *42. Furthermore, the court did not consider the delay to be grounds for remand but simply advised the ALJ to "strive for greater efficiency in the future." *Id.* at *43.

While protraction in issuing decisions is certainly not aspirational, the court in *Lovellette* was considering whether the ALJ in that case was biased. The court concluded "a delay standing alone fails to demonstrate the antagonism necessary to prove bias." *Id.* at *42. That holding is inapplicable to the instant situation, where Claimant is suggesting the passage of time affected the ALJ's ability to properly evaluate his credibility. Plaintiff is unable to point to any other authority discussing delay in this context and what, if any, relief would be proper.

Although Plaintiff is implicitly challenging the credibility determination as having been compromised, he offers no indication of how the judge erred or how the delay was prejudicial in that regard. None of the reasons given by the ALJ in discounting Claimant's credibility were dependent upon the ALJ's recollection of the hearing. The judge did not, for instance, comment on Mr. Mynhier's demeanor at the hearing. Thus, there is simply no basis for granting the remedy requested by Claimant.

### IV. Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of March, 2007.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record
     and pro se parties, if any